UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAOXIN Q.,

                    Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C23-5206 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

        Plaintiff seeks review of the denial of his application for Supplemental Security Income.

Plaintiff contends the ALJ erred by rejecting his symptom testimony and the medical opinions of

(1) Dr. Widlan, (2) Dr. Peralta, and (3) Dr. Lindman.  Dkt. 8.  As discussed below, the Court

**REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

administrative proceedings under sentence four of 42 U.S.C. § 405(g).

                                    **BACKGROUND**

        Plaintiff is 34 years old, has at least a high school education, and has no past relevant

work.  Admin. Record (AR) 25.  In April 2020, Plaintiff applied for benefits, alleging disability

as of January 1, 2010.  AR 15, 64–65, 73.  Plaintiff's application was denied initially and on

reconsideration.  AR 72, 81.  After the ALJ conducted a hearing in September 2021, the ALJ

issued a decision finding Plaintiff not disabled.  AR 12–31.

1

**DISCUSSION**

2      The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

3  by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

4  must examine the record but cannot reweigh the evidence or substitute its judgment for the

5  ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

6  more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

7  950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

8  that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

9      1.      **Plaintiff's Symptom Testimony**

10      Plaintiff testified that due to his anxiety, he has difficulties with concentrating and his

11  memory.  AR 48–52.  Plaintiff stated he has panic attacks daily that are typically triggered by

12  leaving home and being around others, and he can only leave if accompanied by his brother.  AR

13  51–54.  He explained that besides performing household chores, he spends most of his time at

14  home on his computer, though he is only able to concentrate on his activities for about 20

15  minutes.  AR 49–50, 55–56.

16      Where, as here, an ALJ determines a claimant has presented objective medical evidence

17  establishing underlying impairments that could cause the symptoms alleged, and there is no

18  affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

19  symptom severity by providing "specific, clear, and convincing" reasons supported by

20  substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

21  isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

22  it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

23      The ALJ primarily rejected Plaintiff's testimony because it was inconsistent with

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

Plaintiff's mental status findings.  AR 21–22.  "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  The record shows Plaintiff requested and was prescribed medication for his anxiety in October 2019.  AR 305.  By April 2021, Plaintiff had tried three different types of medication because he did not find any particular one effective in addressing his anxiety.  AR 312, 347, 352, 356.  However, outside of Plaintiff's complaints about the effectiveness of his medication, the record does not show Plaintiff's symptoms were as severe as he alleged.  Instead, the record shows that throughout this time Plaintiff was continuously observed as alert and oriented and negative for agitation.  AR 307, 311, 315, 347–48, 354, 358–59.  Plaintiff's counseling notes show similar findings.  AR 362, 388–95.  At intake, he expressed issues with excessive worrying, phobias, restlessness, anxiety, sleeping problems, memory problems, and concentration issues.  AR 392–95.  Plaintiff's counselor noted his reports of anger and frustration about his situation and his family, but his treatment notes show his behavior, affect, thought process, perception, insight, orientation, mood, thought content, and judgment were all within normal limits.  AR 362, 364, 366, 368, 370, 372, 374, 376, 378–79, 382.  Plaintiff's mental status examinations further support the ALJ's finding that his symptoms' severity did not rise to the level as testified by Plaintiff.  They revealed a fair mental health prognosis, as well as other normal findings with regards to his attitude and behavior, stream of mental activity and speech, orientation, fund of knowledge, and abstract thinking, though he was found anxious at times with some deficiencies with his memory, concentration, and insight and judgment.  AR 325, 338, 343.

The ALJ's finding that Plaintiff's statements as to intensity, persisting, and limiting effects of his symptoms are inconsistent with his medical record is supported by substantial

evidence.  That his record continuously showed generally normal mental findings detracts from Plaintiff's testimony about the severity of his panic attacks and anxiety.  The ALJ, therefore, did not err in rejecting Plaintiff's testimony.

The ALJ also rejected Plaintiff's testimony for other reasons, but because the ALJ has provided at least one valid reason, supported by substantial evidence, the Court need not assess those reasons.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

## 2.    Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### a.    Dr. Widlan

Dr. Widlan completed a psychological evaluation in March 2021 by reviewing Plaintiff's records and conducting a clinical interview with a mental status examination.  AR 340–44.  Dr. Widlan opined Plaintiff is not able to persist with simple tasks, he becomes easily overwhelmed, and he cannot negotiate simple social stressors on a consistent and routine basis due to his social

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

anxiety and characterological dysfunction.  AR 344.  He opined Plaintiff "appears to have considerable deficits in ADLs and in all likelihood would not be able to live independently."  *Id*.

The ALJ first rejected Dr. Widlan's opinion because his evaluation was on a limited basis and he was not able to review Plaintiff's entire record.  AR 24.  The length of a claimant's treatment relationship with a medical source is a factor an ALJ can consider, 20 C.F.R. 416.920c(c)(3)(i), but it is not the most important one.  *Woods*, 32 F.4th at 791.  Rather, the ALJ's evaluation of a medical opinion's supportability and consistency takes priority, therefore the Court cannot say this factor alone is a valid enough reason to reject Dr. Widlan's opinion.  *Id*.

However, the ALJ did consider the consistency of Dr. Widlan's opinion with Plaintiff's longitudinal record and the ALJ's evaluation is supported by substantial evidence.  AR 23.  The ALJ permissibly rejected Dr. Widlan's opinion as to Plaintiff's inability to live independently as this contrasted with Plaintiff's self-reports, which state that besides driving, he is able to manage self-care, perform household chores, and manage his finances.  AR 248, 325.  The ALJ also permissibly rejected the rest of Dr. Widlan's opinion by relying on Plaintiff's mental status findings, which, as discussed above, show Plaintiff was often alert and oriented, and negative for agitation.  AR 305–21, 345–59.  The ALJ's reliance on Plaintiff's counseling notes is likewise reasonable, as they show that despite his reports of anger and frustration, his mental functioning was consistently within normal limits.  AR 362–382.

Plaintiff's ability to independently function directly contradicts Dr. Widlan's opinion and Plaintiff's normal mental functioning, even when faced with external stressors, undermines Dr. Widlan's opinion about Plaintiff's inability to handle stress even on a simple level.  Given these results, the ALJ could reasonably find Dr. Widlan's opinion inconsistent with Plaintiff's record.  Accordingly, the Court finds the ALJ did not err in rejecting Dr. Widlan's opinion.  Further,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

because the ALJ provided at least one valid reason to do so, any erroneous reasoning proffered

by the ALJ is deemed harmless. *See Carmickle.*, 533 F.3d at 1162.

### b.  Dr. Peralta

Dr. Peralta completed a questionnaire prepared by Plaintiff's counsel in August 2021 and

opined that the severity of Plaintiff's anxiety and panic episodes would result in absenteeism.

AR 360–61.

The ALJ permissibly rejected Dr. Peralta's opinion because it lacked supportability.  AR

24, 360.  When weighing a medical opinion's persuasiveness, the ALJ must look to whether the

medical source provided relevant objective medical evidence and relevant explanations to

support his or her opinion.  20 C.F.R. § 416.920c(c)(1).  Here, the ALJ explained that both Dr.

Peralta's answers in the questionnaires, as well his own treatment notes, showed neither

objective evidence nor relevant explanations that could reasonably support his opinion.  AR 24.

Dr. Peralta's responses were vague and limited to one to two-word answers, while his treatment

notes show Plaintiff was alert and oriented, well-developed and well-nourished, and negative for

agitation.  AR 345–59.  Given the lack of supporting information indicating that the severity of

Plaintiff's conditions would result in absenteeism, the ALJ could reasonably find Dr. Peralta's

opinion lacking in supportability.  Accordingly, the Court finds the ALJ did not err in rejecting

Dr. Peralta's opinion.

### c.  Dr. Lindman

Dr. Lindman completed a mental status examination report in July 2020.  AR 322–26.

Based on a review of Plaintiff's records and an examination, Dr. Lindman opined Plaintiff has a

lack of concentration that would negatively impact his work environment because of his anxiety.

AR 325.  Dr. Lindman found Plaintiff's ability to interact with coworkers and the public,

maintain regular attendance in the workplace, and complete a normal work day or work week without interruptions "moderately impaired." *Id*. Dr. Lindman also opined Plaintiff's ability to deal with usual stress in the workplace "mildly impaired." AR 326. Dr. Lindman further opined Plaintiff "would be capable of only the simplest of jobs with his learning disability and would need successful treatment of his social phobia to allow him tolerance of strange situations." *Id*.

The ALJ found Dr. Lindman's opinion partially persuasive. AR 23. The ALJ accepted Dr. Lindman's proposed mild to moderate limitations because they were consistent with the longitudinal record. AR 23. However, the ALJ rejected Dr. Lindman's proposed restriction limiting Plaintiff to simple jobs, explaining that Dr. Lindman's basis for it—Plaintiff's learning disability—seemed to have been based on Plaintiff's self-report. *Id*.

The ALJ's finding that Dr. Lindman's proposed mild to moderate limitations is consistent with the longitudinal record is not supported by substantial evidence. In finding this portion of Dr. Lindman's opinion persuasive, the ALJ relied on Plaintiff's mental status during his appointments, evaluations, and counseling. AR 23*,* 325, 338, 343, 362, 364, 366, 368, 370, 372, 374, 376, 378–79, 382. However, these mental status findings do not expressly address social interaction with coworkers and maintaining attendance, the functionalities Dr. Lindman opined Plaintiff would have mild to moderate difficulties performing. By failing to explain how Plaintiff's normal presentation necessarily supports this portion of Dr. Lindman's opinion, the ALJ erred.

However, the ALJ did not err in rejecting the portion of Dr. Lindman's opinion regarding Plaintiff's learning disability. AR 22. The ALJ's finding that this was based on Plaintiff's self-report, rather than objective medical evidence or relevant explanations from Dr. Lindman herself, is reasonable. AR 22. Plaintiff argues Dr. Lindman's evaluation included a learning

disorder diagnosis, and while that is true, there does not seem to be any evidence showing how Dr. Lindman made such a determination.  Dkt. 8 at 6; AR 325.  As previously stated, when weighing a medical opinion's persuasiveness, the ALJ must look to whether the medical source provided relevant objective medical evidence and supporting explanations.  20 C.F.R. § 416.920c(c)(1).  Here, references to Plaintiff's learning disability throughout the opinion are attributed to Plaintiff, rather than any objective evidence.  AR 322 ("Self-stated symptoms of a learning disorder are a history of ESL classes from 1st grade to 7th grade 1 and then Special Education thereafter.").  The records Dr. Lindman reviewed as part of the evaluation also did not concern Plaintiff's learning disability, but rather his acne and anxiety.  AR 307, 347.  Further, except for Plaintiff's statements about attending ESL cases, the rest of Plaintiff's record is silent as to this issue.  *See* AR 247, 255, 270.

In sum, the Court finds the ALJ partially erred in evaluating Dr. Lindman's opinion.

### 3.    Scope of Remedy

Plaintiff suggests the Court remand this matter for an award of benefits.  Dkt. 8 at 6. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks

1  omitted).  If the first two steps are satisfied, the Court must determine whether, "if the

2  improperly discredited evidence were credited as true, the ALJ would be required to find the

3  claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the

4  third step and credits [the improperly rejected evidence] as true, it is within the court's discretion

5  either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d

6  at 1045 (citing *Treichler*, 773 F.3d at 1101).

7         Only the first step is met here, as the Court has found the ALJ erred in the evaluation of

8  Dr. Lindman's opinion.  Such an error necessarily affects Plaintiff's residual functional capacity

9  (RFC).  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an

10  RFC that fails to take into account a claimant's limitations is defective").  The assessment of

11  Plaintiff's RFC is within the purview of the ALJ, therefore the Court is precluded from moving

12  to the third step of the credit-as-true framework.  *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th

13  Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring

14  resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter

15  of law.'") (quoting *Treichler*, 775 F.3d at 1105).

16         On remand, the ALJ shall reevaluate Dr. Lindman's opinion, reassess Plaintiff's RFC and

17  all relevant steps of the disability evaluation process.  The ALJ shall conduct all further

18  proceedings necessary to reevaluate the disability determination in light of this opinion.

19  ///

20  ///

21  ///

22  ///

23  ///

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

1

**CONCLUSION**

2          For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

3   case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

4   405(g).

5          DATED this 4th day of August, 2023.

6

7

RICARDO S. MARTINEZ

8                                                  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10